202

### STATE v. PAPE
Ohio Supreme Court, No. .

This opinion has not been published except in Abstract.

MAYORS—(1) Jurisdiction of, in bi-township villages—(2) of Common Pleas in county where offense was committed.

Error to Clermont County Common Pleas

Four cases—The State v. Pape, Wilke, Heine and Friend, respectively, were heard together in the Supreme Court, and this decision applies to all.

Milford village is part in Hamilton County and part in Clermont County, and the town hall, where the Mayor's office is located, and the proceedings in this case were had, is in the latter county. An affidavit was filed with the Mayor, charging that the defendant was the unlawful keeper of a place in Lockland, County of Hamilton, where intoxicating liquors were sold in violation of 13195 GC. He was found guilty. Error was prosecuted to the Common Pleas of Clermont County, where the conviction was affirmed. The Court of Appeals reversed the Common Pleas on the ground that the trial court erred in taking jurisdiction to hear and determine in Clermont County the offense charged, which was committed in Hamilton County.

It was conceded that the Mayor of such a bi-county village had jurisdiction to try such cases in either of the two counties, provided the trial is held in the county where the offense is alleged to have been committed, and it is also conceded that the Mayor has jurisdiction in the trial of illicit intoxicating liquor charges, under 4536, 6212-39 and 13423 GC., but contended that he cannot try one accused of an offense in any county other than that in which it is charged the offense was committed.

1. The Supreme Court held, herein, that by virtue of 3539 GC. the Mayor has similar jurisdiction in both Hamilton and Clermont Counties, regardless of the county where the offense was alleged to have been committed. That sections 4536 and 3539 should be construed together, and it was not contemplated that a magistrate can determine or alter the jurisdiction of his office by the location of his place of doing business.

The purpose of section 3539 was to treat a village located at Milford is as though it was wholly in each of the counties in which some of it extended. The enactment was for jurisdictional purposes only, and is in conflict with no provision of the Constitution.

## THE OHIO SUPREME COURT

That the judgment of the Mayor was not invalid, though the hearing was had and judgment rendered in a portion of the municipality not in Hamilton County, the one in which the offense is alleged to have been committed. The Mayor therefore had jurisdiction to hear and determine the case, and his judgment is affirmed.

2. But the Common Pleas of Clermont County had no jurisdiction to hear and determine a Hamilton County case, and so far as its jurisdiction is concerned it should have been considered as a Hamilton County offense. Just as it would have been treated by a Mayor of a municipality wholly in Hamilton County. The judgment of the Court of Appeals of reversing the judgment of the Mayor of Milford is reversed.

Attorneys—Harry Britton, pros.; D. W. Murphy and H. E. Joseph, Sol. of Milford, and J. A. White and Charles M. Earhart, for the State, and Walter M. Locke, for Pape.

